UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Santander Consumer USA, Inc.,

        Plaintiff,

Case No. 10-13181

Honorable Nancy G. Edmunds

v.

Superior Pontiac Buick GMC, Inc.,

        Defendant.

_____/

**OPINION AND ORDERING DENYING PLAINTIFF'S MOTION TO DISMISS AS
PREMATURE AND WITHOUT PREJUDICE AND GRANTING DEFENDANT'S
MOTION FOR LEAVE TO FILE AN AMENDED COUNTERCLAIM**

Before the Court are Plaintiff Santander Consumer USA Inc.'s motion to dismiss Defendant Superior Pontiac Buick, GMC, Inc.'s fraud and negligent misrepresentation counterclaims and Defendant's motion for leave to amend its counterclaim.   Because the Court finds that oral argument would not significantly aid the decision process it will decide the motions on the briefs and without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).   For the reasons stated below, the Court DENIES AS PREMATURE and WITHOUT PREJUDICE Plaintiff's motion to dismiss and GRANTS Defendant's motion for leave to file an amended counterclaim.

**I.     Facts**

    **A. The parties**

Plaintiff is an Illinois corporation with its principal place of business in Dallas County, Texas. (Compl. ¶ 2.)   As part of its business, Plaintiff purchases automobile retail

installment contracts from automobile dealers, such as Defendant.  (Compl. ¶ 6.) Defendant is a Delaware corporation with its "home office" in Dearborn, Michigan. (Compl. ¶ 3.)

### B.  Background facts

Plaintiff and Defendant entered into a retail installment sales agreement for automobile financing (the "Agreement").  (Compl. ¶ 8.)  The Agreement provided that Defendant could submit proposals to sell/assign certain retail installment sales contracts to Plaintiff (the "Contracts").  (*Id.*)  As part of the proposal process, Defendant represented the condition and equipment options regarding the Contracts' subject vehicles.  (*Id.*) Defendant entered into 192 of these Contracts and assigned the Contracts to Plaintiff. (Compl. ¶ 9.)

### C.  Procedural background

In February, 2010, Plaintiff filed this suit for breach of contract in Texas state court. Plaintiff alleges that Defendant misrepresented the Contracts' vehicles' conditions and equipment options by identifying equipment options that were not actually included with the vehicle. (Compl. ¶ 9.)  Plaintiff claims that Defendant breached the Agreement's warranty when it misrepresented the vehicles.  (Compl. ¶ 10.)  Plaintiff alleges that the warranty requires Defendant to repurchase the Contracts and/or pay Plaintiff the unpaid balance of each of the Contracts.  (*Id.*)  Plaintiff seeks actual and consequential damages of at least $2,697,468.02, attorneys' fees, costs, pre-judgment, and post-judgment interest.  (Compl. ¶¶ 14, 15.)

On March 29, 2010, Defendant removed the case to the Northern District of Texas based upon diversity jurisdiction. (Dkt. 1, Ex. 2.)  On May 13, 2010, Defendant filed its first amended answer as well as a counterclaim against Plaintiff.  (Dkt. 2.)  In its counterclaim,

2

Defendant alleges counts of breach of contract, fraud, and negligent misrepresentation. (*Id.*)  On August 11, 2010, the Northern District of Texas transferred the case to this Court. (Dkt. 1.)

Proceedings in this Court began on January 31, 2011, when the parties met for a scheduling conference.  (See Jan. 31, 2011 docket entry.)  At that conference, the Court required that the parties file any motion to dismiss in this Court and that the parties file any motion to amend within thirty days.  (*Id.*)

On February 14, 2011, Plaintiff filed a motion to dismiss Defendant's counterclaims for fraud and negligent misrepresentation.  (Dkt. 10.)

A little over two weeks later, on March 2, 2011, Defendant filed its motion for leave to file an amended counterclaim.  (Dkt. 12.)  In its proposed amended counterclaim, Defendant alleges supporting facts for its fraud and negligent misrepresentation claims and raises news claims: money had and received and unjust enrichment; and also requests exemplary damages.  (*Id.*)

## II.   Standards of review

### A. Amend the pleadings standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires.  However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *See Foman v. Davis*, 371 U.S. 178 (1962).  Even if a party suffers some prejudice from a delay, delay "itself is not [a] sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Slenczka v.*

3

*Central States, S.E. & S.W. Areas Pension Fund*, No. 03-74257, 2005 WL 1862345, at *1 (E.D. Mich. Aug. 4, 2005) (Edmunds, J.) (internal quotation marks and citation omitted). "An amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (citation omitted). "To overcome" a dismissal, the complaint must assert "a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted.)

### B. Fraud particularity standard

For fraud, "failure to plead an essential element . . . warrants dismissal of the claim under [Federal Rule of Civil Procedure 9(b)]. *Tri-Med Fin. Co. v. Nat'l Century Fin. Enter. Inc.*, 208 F.3d 215 (Table), 2000 WL at 282445, at *7 (6th Cir. 2000) (citation omitted). To meet the particularity requirements of Federal Rule of Civil Procedure 9(b), Defendant must "(1) specify the statements that [it] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted). At a minimum, Defendant "must allege the time, place and contents of the misrepresentations upon which they relied." *Id.* Defendant "also must allege facts from which it could be concluded that [its] reliance was reasonable." *Issa v. Provident Funding Group, Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places [Plaintiff] on sufficient notice of the misrepresentation, allowing [Plaintiff] to answer, addressing in an informed way [Defendant's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL

4

538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alteration in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations" and stating that "[the plaintiffs] cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss.").

## III.  Analysis

Defendant seeks leave to amend its counterclaim.  It argues that it has good cause to amend its counterclaim because it has additional information related to its fraud and misrepresentation counterclaims as well as additional information relating to damages. Defendant additionally seeks to add two new claims: money had and received and unjust enrichment. To further support its argument, Defendant states that additional discovery will lead to documents that support its counterclaims.  Defendant also argues that it recently became aware that Plaintiff operates under several assumed names in Michigan, an awareness that is relevant to its counterclaims.  (Def.'s Mot. for Leave to Am. Compl. at 4.) Defendant states that Plaintiff would not be prejudiced by the amended counterclaim because the parties are still in the discovery process and they have not scheduled any depositions.  (*Id.*)  Defendant finally argues that the amended complaint is not futile.

Plaintiff argues that the Court should deny Defendant's request because Defendant has been permitted leave to amend once, has unduly delayed seeking this second leave for nine months, the amendment is prejudicial because it asserts two new legal theories of recovery, and the amendment would be futile because the amended counterclaims fail to state a claim for fraud or negligent misrepresentation properly and the new equitable theories of recovery conflict with Defendant's current legal theories of recovery.

5

### A. Plaintiff has not shown the required prejudice in this case's delay to deny leave to amend the complaint

As to delay, Plaintiff has not shown that the delay in bringing the amended complaint has prejudiced it in any way. "Delay alone . . . does not justify the denial of leave to amend." *Security Ins. Co. of Hartford v. Kevin Tucker & Assoc., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). For Plaintiff to succeed with its delay argument, it must show both delay and an intent to harass. *Id.* (citation omitted). Here, Plaintiff has not made that showing. Although the case has been pending since March 29, 2010, the case started in state court in Texas, Defendant then removed it to federal court and moved to transfer the case to Michigan. On August 11, 2010, the Texas federal court transferred the case to this Court. A few months later, on January 31, 2011, this Court held a scheduling conference during which it specifically allowed Defendant to file a motion to amend within thirty days of the scheduling conference. At the conference, the Court also stated that the parties were to file dispositive motions in this Court and that after hearings on the dispositve motions the Court would conduct a scheduling conference and set new dates.[1] Although the Court recognizes that this case has progressed slowly at the start, the Court also notes that Plaintiff filed its motion to dismiss Defendant's counterclaim before the explicit time lapsed that the Court gave Defendant to file a motion for leave; Plaintiff has therefore delayed this case's progress as well.

---

[1]Plaintiff argues that the granting of the amended complaint would prejudice it because the parties have exchanged written discovery and because Plaintiffs have attempted to schedule Defendant's witnesses' depositions, but Defendant has not produced those witnesses for deposition. Although the Texas district court may have entered a discovery deadline when the case was there, this Court has not issued any type of scheduling order, and has explicitly stated that it will issue one after hearing on the initial dispositive motions.

**B. The amendments are not futile because the counterclaims state a right to relief above speculation**

**1. Defendant has plead its fraud counterclaim with particularity**

Plaintiff argues that allowing Defendant to amend the fraud and negligent misrepresentation counterclaims would be an exercise in futility.[2]  Plaintiff argues that the proposed counterclaim would be futile because the counterclaim would not survive a motion to dismiss because Defendant has not alleged the fraud claims with the requisite particularity.  The Court disagrees.  Defendant has met its burden in seeking leave–it has alleged facts that meet Rule 9(b)'s particularity requirements.  Defendant has identified the statement it asserts were fraudulent.  It has identified the speakers.  It has alleged the time and place where the statements were made.  And it has explained why the statements were fraudulent.

Defendant first alleges that Plaintiff represented that it:

- offered a simple approach to automobile financing to dealers;

- offered a consistent approach to structuring its automobile financing;

- processed the applications by its own evaluation system and models, and provided field representatives to automobile dealers to facilitate the financing process;

---

[2]For a fraud claim in Michigan, Defendant must show (1) That [Plaintiff] made a material misrepresentation; (2) that it was false; (3) that when [Plaintiff] made it [that it] knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that [Plaintiff] made it with the intention that it should be acted upon by [Defendant]; (5) that [Defendant] acted in reliance upon it; and (6) that [Defendant] thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Chandler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).  "[T]he absence of any one of [these elements] is fatal to a recovery."  *Id.*

- promoted its program with offers of funding and purchase within seventy-two hours, automatic approvals, and direct one-to-one contact with the automobile buyers;

- would provide education and training for dealership personnel;

- would have systems, procedures, and qualified personnel reviewing, supervising and guiding the financing for the dealers' customers;

- had exceptionally strong financial banking; and

- would only look to the collateral for recoupment of its losses, because the agreement between the parties was a non-recourse agreement.

(Dkt. 12, Ex. A, Proposed Am. Countercl. ¶¶ 5-12.)

Defendant states that Plaintiff's representatives, including Mende Johnson, Trent Kleibriuk, and Sarah Rice, made these representations to Defendant's president, Walter Schwartz, and Defendant's agents and employees. (Proposed Am. Countercl. ¶ 13.) Defendant argues that Plaintiff and its representatives made the representations in the Agreement and on the internet. (*Id.*)

Defendant alleges that, based upon the representations, it began using Plaintiff's financing and services. (*Id.*) While using Plaintiff's services, Defendant states that Plaintiff induced financing applications and that Plaintiff "promoted, assisted, directed, processed, authorized and participated in the allegedly inaccurate descriptions of the automobiles and accessories." (*Id.* ¶ 14.) Defendant then states that, after Defendant sold the financed vehicles, Plaintiff declared that the vehicles were in default and repossessed them. (*Id.* ¶ 15.) This repossession, Defendant argues, was made by a unilateral decision by Plaintiff. (*Id.*) Defendant argues that after Plaintiff repossessed the vehicles, Plaintiff then 'fixed' the vehicles' values and then allowed third party auction houses to sell the vehicles for undisclosed amounts. (*Id.*) After the auctions, Defendant states that Plaintiffs then

8

demanded money from Defendant to make up the difference between the vehicles' alleged values and the price the vehicles sold for at the auction. (*Id.*)

Defendant further alleges that Plaintiff did not make the contract or vehicle available for Defendant to repurchase and that Plaintiff made demand for arbitrary payments of the alleged missing equipment, in violation of the Agreement. (*Id.* ¶ 16.)

Defendant asserts, in conclusion, that Plaintiff crafted its business model on procedures that overcharged dealers for alleged missing accessories and options on the automobiles, preventing dealers from exercising their rights under the agreements, and precluding dealers from verifying any alleged missing options or accessories on the cars. (*Id.* ¶ 17.)  Defendant argues that this business model is a scheme from which Plaintiff asserts claims for money and damages that are fictitious, unverified, and/or inflated. (*Id.*)

Because the amending the pleadings standard is liberal and Defendant has alleged facts that state a plausible claim to relief as to the fraud claim, the Court finds granting the amendment appropriate.

### 2. Defendant's negligent misrepresentation is not futile

Plaintiff argues that Defendant has not stated its negligent misrepresentation claim with particularity.  But several courts in this district have held that a party need not plead a negligent misrepresentation claim with particularly as required by Rule 9(b).  *See Hanover Exch. v. Metro Equity Grp. LLC*, No. 08-14897, 2009 WL 2143866, at *9 (E.D. Mich. July 14, 2009) (Murphy, J.) (stating "a negligent misrepresentation claim can easily be pleaded in the alternative to a fraud claim on a single set of facts, without itself somehow being transformed into an allegation of fraud subject to Rule 9(b)."); *Yaldu v. Bank of Am. Corp.*, 700 F.Supp.2d 832, (E.D. Mich. 2010) (Lawson, J.) (stating that "[t]here

9

is no Sixth Circuit authority on the subject, but other circuits have concluded that Rule 9(b) does not apply to claims of negligent misrepresentation."). But even if the Court were to decide that the negligent misrepresentation counterclaim is 'grounded in fraud' or 'sounds in fraud,' as Plaintiff suggests but does not argue, and has to be plead with particularly, because the Court has found that Defendant has stated its fraud claim with particularly and incorporates those pleaded allegations in its negligent misrepresentation counterclaim, the Court finds that Defendant is entitled to the amendment.

### 3. Defendant has stated a plausible money had and received/unjust enrichment counterclaim

Defendant also proposes to add a money had and receive and an unjust enrichment counterclaim.[3] Plaintiff opposes these new claims. Plaintiff first argues that Defendant has

---

[3]For Defendant to succeed on its unjust enrichment claim, it must prove: "(1) receipt of a benefit by [Plaintiff] from [Defendant] and (2) an inequity resulting to [Defendant] because of the retention of the benefit by [Plaintiff]." *J&J Plumbing & Heating, LLC v. Tate*, Nos. 277824, 279838, 2008 WL 4891807, at *4 (Mich. Ct. App. Nov. 13, 2008) (citation omitted). Although neither party addresses whether money had and received is a separate claim from unjust enrichment in Michigan, it appears from a review of caselaw, in the context of this case, money had and received is the same claim as unjust enrichment. *See Herrmann v. Gleason*, 126 F.2d 936, 940 (6th Cir. 1942) (citations omitted) (stating that "[t]he essential elements of a quasi contractual obligation, upon which a recovery may be had, are the receipt of a benefit by a defendant from a plaintiff, which benefit it is inequitable that the defendant retain. **Ever since an action for money had and received has been maintainable, it has been employed as a remedy to prevent the unjust enrichment of one at the expense of another**, or to prevent one from retaining a benefit conferred upon him by another which would be, under all of the circumstances of the case, unjust or inequitable. It is said that the action is equitable to the degree that it is based on a moral obligation to make restitution which rests upon a person who has received a benefit which, if retained by him, would result in inequity and injustice." *See also Janiszewski v. Behrmann*, 75 N.W.2d 77, 86 (Mich. 1956) (citation omitted) (stating "the action of *assumpsit* for **money had and received is essentially an equitable action, founded upon all the equitable circumstances of the case between the parties, and if it appear . . . that the defendant has in his hands money which, according to the rules of equity and good conscience, belongs, or ought to be paid, to the plaintiff, he is entitled to recover."**

not factually supported the claims.  Plaintiff then suggests that the proposed counterclaims are futile because the parties agree that a contract exists and that Defendant's sole recovery would be for breach of contract.

Regarding the factual support, Defendant has alleged:

> Upon demand by [Plaintiff], [Defendant] provided a series of payments for alleged deficiencies in options and accessories for automobiles it repossessed.  [Plaintiff] did not provide verification or authentication for the sums demanded. [Defendant] paid and [Plaintiff] received payments from [Defendant] with the knowledge that said payment were not called for or appropriate. [Plaintiff] took possession of the funds knowing the monies were not rightfully [Plaintiff's.]  [Plaintiff] failed to return [Defendant's] money.

(Def.'s Proposed Am. Countercl. ¶¶ 35-37.)  Defendant has supported its unjust enrichment counterclaim with the short statement that Plaintiff received a benefit from the "erroneously demanded" funds from Defendant and that Plaintiff has retained the funds to Defendant's detriment.  (*Id.* ¶ 39.)  Defendant's factual allegations for its money had and received and unjust enrichment counterclaims meet the liberal standards to amend a counterclaim.

Plaintiff also argues that the money had and received and unjust enrichment counterclaims are futile, because an express contract exists between the parties.  *See Braun Bldg., Inc. v. Kancherlapalli*, No. 09-11534, 2010 WL 846482, at *5 (E.D. Mich. Mar. 5, 2010) (Ludington, J.) (citation omitted) (holding that "[t]here can be no unjust enrichment claim if there is a valid contract.").  But if there is a dispute whether a contract provided for a certain action, a party can assert an unjust enrichment claim.  *Id.* (discussing how the parties disputed whether a written agreement between the two provided for certain action. Because there was a dispute, the court held that the plaintiff could assert an unjust enrichment claim.).

Here, Defendant has pleaded facts to amend its counterclaim without the Court finding that the counterclaim is futile.  Defendant has stated that the payments Plaintiff requested from it were "not called for or appropriate."  (Def.'s Proposed Am. Countercl. ¶ 36.)  Defendant has also alleged that Plaintiff has retained these payments to Defendant's detriment.  (*Id.* ¶ 37.)  These statement therefore allege an unjust enrichment claim.

Federal Rule of Civil Procedure 8(d)(3) further supports an unjust enrichment claim.  That rule allows a party to plead inconsistent claims and theories of relief, such as claims for  unjust enrichment and breach of contract.  Because Rule 8(d)(3) allows inconsistent claims and Rule 15(a)'s liberal amendment  policy, the Court grants Defendant's motion to file an amended counterclaim.

## IV.   Conclusion

For the above-stated reasons, the Court GRANTS Defendant's motion for leave to file an amended counterclaim and DENIES AS PREMATURE and WITHOUT PREJUDICE Plaintiff's motion to dismiss Defendant's fraud and negligent misrepresentation counterclaims.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager