UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Santander Consumer USA Inc.,

    Plaintiff,

v.

Superior Pontiac Buick GMC, Inc.,

    Defendant.

_____/

Case No. 10-13181

Honorable Nancy G. Edmunds

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO STRIKE DEFENDANT'S RULE 9(b) AND 12(b)(6) MOTION TO DISMISS**

This matter comes before the Court on Plaintiff Santander Consumer USA, Inc.'s emergency motion to strike Defendant Superior Pontiac Buick GMC, Inc.'s motion to dismiss [91]. The Court finds that the decision process would not be significantly aided by oral argument and, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided without a hearing. For the reasons set forth below, Plaintiff's motion is GRANTED.

**I. Facts**

On January 11, 2012, this Court granted Plaintiff's motion for leave to file First Amended Complaint. The Amended Complaint added two additional claims against Defendant for fraud and silent fraud. Defendant opposed this amendment, and the Court granted Plaintiff's request, finding that the claims for fraud and silent fraud were

1

not futile under a Rule 12(b)(6) analysis.

On January 25, 2012, Plaintiff filed its First Amended Complaint. On Janury 31, 2012, Defendant filed its Amended Answer. On May 25, 2012, Defendant filed a motion to dismiss Plaintiff's claims for fraud and silent fraud, alleging that they fail the 12(b)(6) analysis because they lack the pleading specificity required by Rule 9(b).

## II.     Standard

A 12(b)(6) motion to dismiss must be made before or concurrent with a pleading, if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). Once a party has filed an answer to a complaint, it can no longer file a timely motion to dismiss under Rule 12(b)(6). When matters outside the pleading are presented to and not excluded by the Court in a 12(b)(6) motion, the Court will treat the motion as one for summary judgment. Fed. R. Civ. P. 12(b).

## III.     Analysis

After Plaintiff filed its Amended Complaint, Defendant filed its Amended Answer one week later. Defendant did not file a motion to dismiss for four months. A 12(b)(6) motion to dismiss must be made before or concurrent with an answer or other responsive pleading. This motion to dismiss is DENIED as untimely.

Additionally, Defendant attaches to its motion three deposition transcripts, computer screen snapshots, and Plaintiff's response to Defendant's Second Set of Request for Admission. It is well established that when matters outside the pleadings are presented to the court and the court considers them, the court will consider the motion as one for summary judgment. In this case, Defendant filed a motion for

summary judgment the same day it filed this motion to dismiss.  In its motion for summary judgment, Defendant states, "Defendant incorporates by reference as though fully set out herein Defendant's Rule 9(b) and 12(b)(6) Motion to Dismiss on Plaintiff's fraud claims."  (Def. Mot. Summ. J. 18.)  To the extent that Defendant was attempting to file two motions for summary judgment, it needed to seek leave of Court to do so.  See Local Rule 7.1(b)(2).

Any Rule 12(b)(6) motion to dismiss is untimely and Defendant may not file more than one motion for summary judgment.  Plaintiff's motion to strike is GRANTED.

If Defendant wishes to amend its Motion for Summary Judgment to include the arguments presented in its stricken motion to dismiss, it must do so by June 18, 2012.  The Court will not allow Defendant to incorporate any arguments in the stricken motion by reference and all arguments must be contained in a single motion, within the page limits set by the Local Rules.  Plaintiff will have 21 days to respond once Defendant files its amended motion.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's emergency motion to strike Defendant's motion to dismiss is GRANTED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated:  June 11, 2012

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2012, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager